NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SEAN ZUNGOLI, | Civ. Action No.: 07-2194 (SDW) |
| Plaintiff, | |
| v. | OPINION |
| UNITED PARCEL SERVICE, INC. and CHRIS SITTIG, Individually, | |
| Defendants. | July 8, 2009 |

**Wigenton**, District Judge

Before the Court is Defendants', United Parcel Service, Inc. ("UPS") and Chris Sittig's ("Sittig") (collectively "Defendants"), Motion for Reconsideration ("Motion") of this Court's April 22, 2009 Order denying Defendants' Motion to Dismiss and Motion for Summary Judgment. For the reasons discussed below, this Court denies Defendants' Motion for Reconsideration.

**LEGAL STANDARD**

Pursuant to Local Civil Rule 7.1(i), a party may seek reconsideration "within ten (10) business days after entry of the Order or Judgment on the original motion" if the party believes the Court "overlooked" certain matters or controlling decisions when it ruled on the original motion. Such a motion may only be granted if: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *Pardy v. Dupuy,* No. 07-cv-1385, 2008 LEXIS 52044, at *3 (D.N.J. July 8,

2008) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)); *See also Marracco v. Kuder,* No. 08-cv-713, 2009 U.S. Dis. LEXIS 6757, at *2. (D.N.J. January 30, 2009).

"A motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue." *Marracco,* 2009 U.S. Dist. LEXIS 6757, at *3. "A party seeking reconsideration must show more than a disagreement with the Court's decision," and mere "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Database Am., Inc. v. Bellsouth,* 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations and internal quotations omitted).

## DISCUSSION

### A. Plaintiff's Prior Testimony

Defendants assert that the Court's April 22, 2009 Opinion overlooks Plaintiff's sworn testimony that his November 2006 termination was not retaliation for his 2001 and 2004 Family Medical Leave Act ("FMLA") leaves. Defendants' argument that this Court overlooked Plaintiff's testimony is baseless. The Court considered said testimony and concluded that material issues of fact exist as to whether Plaintiff's termination was, in part, due to his 2001 and 2004 FMLA leaves. Defendants' argument is nothing more than a "recapitulation of the cases and arguments considered by the Court before rendering its original decision..." *Database Am., Inc. v. Bellsouth,* 825 F. Supp. 1216, 1220 (D.N.J. 1993). Defendants have not demonstrated that an intervening change in controlling law has occurred, that new evidence not previously available has become available, that this

2

Court has committed a clear error of law, or that a manifest injustice has been carried out. (*See Morgan Advanced Ceramics, Inc. v. Sayre,* No. 07-cv-4761, *2009 U.S. Dist. LEXIS 41604* at \*3). Accordingly, this Court denies Defendants' Motion for Reconsideration regarding Plaintiff's prior testimony.

### B. Retaliation Pursuant to the FMLA

Defendants argue that UPS made the decision to terminate Plaintiff prior to his November 2006 FMLA leave. This argument is nothing more than a "recapitulation of the cases and arguments considered by the court before rendering its original decision..." *Database Am., Inc. v. Bellsouth,* 825 F. Supp. 1216, 1220 (D.N.J. 1993). The Court held that genuine issues of material fact remain as to whether Plaintiff was terminated before or after his November 2006 FMLA leave. Defendants disagreement with the Court's decision is not a basis upon which the Court shall reconsider its original finding. *Database Am., Inc., v. Bellsouth,* 825 F. Supp. 1216, 1220 (D.N.J. 1993) Furthermore, Defendants have not demonstrated that an intervening change in controlling law has occurred, that new evidence not previously available has become available, that this Court has committed a clear error of law, or that a manifest injustice has been carried out. (*See Morgan Advanced Ceramics, Inc. v. Sayre,* No. 07-cv-4761, 2009 U.S. Dist. LEXIS 41604 at \*3). Accordingly, this Court denies Defendants' Motion for Reconsideration regarding Plaintiff's 2006 FMLA leave.

### C. Spoliation

Defendants argue that the Court overlooked factual evidence that proves Plaintiff "took several affirmative steps to destroy critical evidence." (Defs. Mem. Supp. Mot. to Reconsider at 14.) Said arguments are nothing more than "a recapitulation of the cases

and arguments considered by the court before rendering its original decision ..."
*Database Am., Inc. v. Bellsouth,* 825 F. Supp. 1216, 1220 (D.N.J. 1993). The Court held that genuine issues of material fact remain as to whether Plaintiff "intentionally destroyed evidence relevant to his claim for Economic Damages." *Zungoli v. United Parcel Service, Inc,* No. 07-2194, slip op. at 15 (D.N.J. Apr. 22, 2009). Furthermore, Defendants have not demonstrated that an intervening change in controlling law has occurred, that new evidence not previously available has become available, that this Court has committed a clear error of law, or that a manifest injustice has been carried out. (*See Morgan Advanced Ceramics, Inc. v. Sayre,* No. 07-cv-4761, 2009 U.S. Dist. LEXIS 41604 at *3*).* Accordingly, this Court denies Defendants' Motion for Reconsideration regarding the Spoliation of Evidence Claim.

## **CONCLUSION**

For the reasons discussed above, this Court denies Defendants' Motion for Reconsideration.

s/Susan D. Wigenton, U.S.D.J.

cc: Madeline Cox Arleo, U.S.M.J.

4